947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duncan Eric PEA, Defendant-Appellant.
 No. 90-1176.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant was convicted of conspiracy to distribute cocaine and acquitted of being a felon in possession of a gun. His counsel raises two issues on appeal, the admissibility of wiretap evidence and the failure to depart downward in sentencing. In an additional pro se brief, defendant raises three issues: failure to suppress the fruits of an alleged illegal search, failure to adjust defendant's base offense level, and an assertion that the Sentencing Reform Act is unconstitutional because the government is permitted to request reduced sentences for cooperating individuals. Finding no merit in any of the issues raised, we shall AFFIRM.
 
 
 2
 Defendant asserts that the highly incriminating conversations of co-conspirators were improperly received in evidence because an authorization for an interception order signed by the Attorney General or an Assistant Attorney General is "nowhere in the court file." Defendant made no motion to suppress the recorded conversations on this basis. A co-conspirator made such a motion in an earlier trial in which defendant joined orally. (Defendant was originally tried with his co-conspirators. A mistrial as to defendant was granted when defendant's wife shot him in the leg.) However, the motion was not made until after the evidence had been admitted. The court denied the motion summarily that same day. It did not state the basis for its ruling, but the motion was properly denied as untimely filed. Failure to raise Rule 12(b) motions in a timely fashion precludes appellate review. United States v. Oldfield, 859 F.2d 392, 396 (6th Cir.1988). The motion was also properly denied on its merits. The motion was not supported by an affidavit that the wire intercepts had not been authorized, but only by a statement that defense counsel's copies of the wiretap orders were not accompanied by a copy of an authorization. It appears that the wiretaps were authorized. Copies of the authorizations are attached to the government's brief. They are not in the record since the wiretap authorization is not a part of this case. Since the District Court had denied the motion the same day it was filed, the government did not have time to file a response.
 
 
 3
 Defendant also argues that there was testimony of a witness that some of the conversations took place two years earlier than the date of the wiretap order. This issue was not raised in the District Court so there is no record except the testimony of the government agents that the conversation occurred after the wiretap order. Defendant argues that the government had telephone records before the wiretap authorization. However, the telephone records from 1985 were obtained by subpoena. Further, no wiretap order is needed for a pen register of incoming and outgoing phone calls. The only objection defendant made regarding the recorded conversations at the second trial at which he was convicted was that phone calls were hearsay as to him.
 
 
 4
 The second issue raised by counsel is the failure of the District Court to depart from the Sentencing Guidelines. Where the trial judge is aware that he has the authority to depart and declines to do so, this Court lacks jurisdiction to consider the issue.
 
 
 5
 Where, as here, the guideline range was properly computed, the district court was not unaware of its discretion to depart from the guideline range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, the failure to depart is not cognizable on appeal under 18 U.S.C. § 3742(a). See United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989); United States v. Sawyers, 902 F.2d 1217, 1221 n. 5 (6th Cir.1990).
 
 
 6
 United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990).
 
 
 7
 In his pro se brief, defendant alleges error in the admission of Exhibit 55, a small box with numerous squares of paper, two sifters, a mirror and a glass straw. They were given to an FBI agent by one Gary Green who got them from the home Green and his mother shared. He gathered them after defendant moved out of the home. Defendant's fingerprints were on the papers which included some used to package cocaine sold by defendant to Green. Clearly Green did not violate defendant's rights by gathering up what defendant had abandoned. It cannot be argued that defendant had a reasonable expectation of privacy in objects that he left in the Green home. California v. Ciralo, 476 U.S. 207, 211 (1986).
 
 
 8
 Defendant also alleges error in the District Court's failure to give him a two level downward adjustment because he was a minor participant. Defendant was not entitled to such a reduction. Witnesses testified he sold cocaine in quantities up to one kilogram, delivered cash in Florida, and acted as a courier for other quantities of cocaine. The presentence report did not recommend any such reduction and defendant did not ask for it in the trial court. The government asked for sentence enhancement for a managerial and supervisory role, possession of a dangerous weapon, and obstruction of justice. The court rejected these recommendations.
 
 
 9
 Defendant objected to the offense level of 36 in a pro se motion prior to his sentencing hearing. He claimed that the amount of drugs attributed to the conspiracy should not be attributed to him. Witnesses testified that defendant was involved in several sales of cocaine involving up to one kilogram. We find there was sufficient evidence to support an offense level of 36.
 
 
 10
 Finally, defendant complains that the Guidelines are unconstitutional because prosecutors can cut deals so that two equally guilty defendants receive very different sentences when one cooperates with the government. The prosecutors asked defendant to cooperate with them in developing evidence against a co-conspirator in order to earn a recommendation for a reduced sentence. Defendant simply refused to cooperate, and now cannot complain that other co-conspirators accepted the opportunity that defendant rejected. It also appears from defendant's pro se brief that a sentence given to one co-conspirator by a different judge was a pre-Guideline sentence.
 
 
 11
 Accordingly the judgment of the District Court is AFFIRMED.